1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                              AT TACOMA

10   ALICIA B.,

11                    Plaintiff,                CASE NO. 3:23-CV-5514-DWC

12        v.                                    ORDER REVERSING AND
                                                REMANDING DEFENDANT'S
13   COMMISSIONER OF SOCIAL                      DECISION TO DENY BENEFITS
     SECURITY,
14
                      Defendant.
15

16
         Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's
17
     denial of her application for disability insurance benefits ("DIB").[1] After considering the record,
18
     the Court concludes the Administrative Law Judge ("ALJ") erred in his evaluation of certain
19
     medical opinion evidence. Had the ALJ properly considered the evidence, he may have reached a
20
     different disability determination or included additional limitations in Plaintiff's residual
21
     functional capacity ("RFC"). The ALJ's error is, therefore, not harmless, and this matter is
22

23
     _____

24        [1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties
     have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner") for further proceedings consistent with this order.

## I.    Factual and Procedural History

Plaintiff filed a claim for DIB in October 2017, alleging disability beginning June 27, 2017. Dkt. 11, Administrative Record ("AR") 209. Her application was denied at the initial level and on reconsideration. AR 96–97. She requested a hearing before an ALJ, which took place on February 13, 2020. AR 33–82, 132–33. Plaintiff was represented by counsel at the hearing. *See* AR 33. The ALJ issued an unfavorable decision denying benefits, and the Appeals Council denied Plaintiff's request for review. AR 1–6, 15–28. Plaintiff appealed to this Court, which reversed the Commissioner's decision and remanded the case for further proceedings. *See* AR 2791–96; *Alicia B. v. Comm'r of Soc. Sec.*, No. C20-6187-BAT, 2021 WL 2948530 (W.D. Wash. July 14, 2021).

In November 2020, while Plaintiff's appeal was pending, she filed a separate claim for DIB. AR 2882–86. After this Court reversed and remanded the Commissioner's decision on Plaintiff's October 2017 DIB claim, the Appeals Council issued an order vacating the decision, remanding the case to an ALJ for further proceedings, and directing the ALJ to consolidate the remanded case with Plaintiff's November 2020 DIB claim. AR 2804–05.

On February 2, 2023, Plaintiff appeared before the same ALJ for another hearing. AR 2708–44. The ALJ issued an unfavorable decision denying benefits on April 5, 2023. AR 2679–2707. Plaintiff appealed to this Court. *See* Dkts. 1, 5.

## II.    Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error

1   or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211,

2   1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial

3   evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

4   conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting *Consol. Edison Co. v.*

5   *NLRB*, 305 U.S. 197, 229 (1938)). "We review only the reasons provided by the ALJ in the

6   disability determination and may not affirm the ALJ on a ground upon which he did not rely."

7   *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

8          "[H]armless error principles apply in the Social Security Act context." *Molina v. Astrue*,

9   674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

10  Generally, an error is harmless if it is not prejudicial to the claimant and is "inconsequential to

11  the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050,

12  1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115.

13  **III.    Discussion**

14         Plaintiff contends the ALJ harmfully erred by (1) failing to comply with the Appeals

15  Council's remand order, (2) improperly considering Plaintiff's skin cyst impairment at Steps

16  Two and Three, (3) improperly evaluating medical opinion evidence, (4) improperly discounting

17  Plaintiff's subjective symptom allegations, and (5) improperly addressing lay witness statements.

18  Dkt. 13 at 1.

19         A.    Compliance with Remand Order

20         Plaintiff first claims the ALJ erred by failing to consolidate the remanded claim with

21  Plaintiff's November 2020 DIB claim, as directed by the Appeals Council in its remand order.

22  *Id.* at 2. Plaintiff argues that, "[a]lthough the ALJ acknowledged the Remand Order's directives

23  in the decision, he did not consolidate the claims" because he "issued an unfavorable decision

24

1   without referencing the subsequent November 2020 disability claim[.]" *Id.* at 3. Therefore,

2   Plaintiff contends, her November 2020 disability claim "has not been adjudicated and the record

3   is unclear as to the status of this claim." *Id.*

4          In his April 2023 decision, the ALJ cited to the Appeals Council's remand order and

5   referenced its directives regarding certain evidence. AR 2682 (citing AR 2804). The

6   administrative record before the ALJ contained documents related to Plaintiff's November 2020

7   DIB claim, including the application (AR 2882–86), the initial denial (AR 2775–86), the order

8   transferring the request for reconsideration (AR 2797–2801), disability reports dated February

9   2021 (AR 2960–63, 2985–94), and Plaintiff's function reports dated April 2021 (AR 2969–84).

10  In his summary of the evidence in the record, the ALJ cited these function reports, which were

11  associated with Plaintiff's November 2020 claim, as well as medical records and opinions

12  obtained after the October 2017 claim was remanded. *See* AR 2689, 2692–93, 2696. The ALJ

13  wrote that his decision covered the period from the alleged onset date of June 27, 2017, to the

14  date last insured of December 31, 2022. AR 2699.

15         Although the ALJ did not explicitly reference the fact that this was a consolidated claim,

16  the record shows he had access to and considered the additional evidence in the record associated

17  with the November 2020 application. Even if the ALJ erred by not specifying that the decision

18  pertained to the consolidated applications filed in October 2017 and November 2020, Plaintiff

19  has not demonstrated that any error was harmful or that any aspect of her November 2020 claim

20  remains unresolved.

21         B.   Medical Opinion Evidence

22         Plaintiff also contends the ALJ did not properly evaluate the medical opinion evidence in

23  the record. Dkt. 13 at 5. Specifically, she argues the ALJ erred in considering the opinions of

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1   Michael Regets, Ph.D.; Kristine Harrison, Psy.D.; David Coddington, Ph.D.; Michael Kelly,

2   M.D.; Kevin Lok, M.D.; and Shirley Deem, M.D. *Id.* at 7–11.

3         The regulations regarding the evaluation of medical opinion evidence have been amended

4   for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of

5   Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff filed

6   her claim after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

7   Under the revised regulations, ALJs "will not defer or give any specific evidentiary weight,

8   including controlling weight, to any medical opinion(s) or prior administrative medical

9   finding(s). . . ." *Id.* §§ 404.1520c(a), 416.920c(a). Instead, ALJs must consider every medical

10  opinion or prior administrative medical finding in the record and evaluate the persuasiveness of

11  each one using specific factors. *Id.* §§ 404.1520c(a), 416.920c(a).

12        The two most important factors affecting an ALJ's determination of persuasiveness are

13  the "supportability" and "consistency" of each opinion. *Id.* §§ 404.1520c(a), 416.920c(a).

14  "Supportability means the extent to which a medical source supports the medical opinion by

15  explaining the 'relevant . . . objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–

16  92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)); *see also* 20 C.F.R. § 416.920c(c)(1).

17  An opinion is more "supportable," and thus more persuasive, when the source provides more

18  relevant "objective medical evidence and supporting explanations" for their opinion. 20 C.F.R.

19  §§ 404.1520c(c)(1), 416.920c(c)(1). "Consistency means the extent to which a medical opinion

20  is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the

21  claim.'" *Woods*, 32 F.4th 785 at 792 (quoting 20 C.F.R. § 404.1520c(c)(2)); *see also* 20 C.F.R. §

22  416.920c(c)(2). ALJs must articulate "how [they] considered the supportability and consistency

23  factors for a medical source's medical opinions" when making their decision. 20 C.F.R. §§

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

404.1520c(b)(2), 416.920c(b)(2). "Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

### 1.   Michael Regets, Ph.D., and Kristine Harrison, Psy.D.

State agency psychological consultants Dr. Michael Regets and Dr. Kristine Harrison provided mental RFC assessments at the reconsideration level for Plaintiff's October 2017 and November 2020 DIB applications, respectively. AR 110, 2781. The ALJ considered these two opinions together in his decision. *See* AR 2694.

In September 2018, Dr. Regets found that Plaintiff had a moderate limitation in her ability to understand and remember detailed instructions. AR 108. He explained that Plaintiff retained the capacity to understand and remember simple, one to three step instructions, standard work-like procedures, and regular work locations on a consistent basis in a competitive work environment. AR 108–09. However, Dr. Regets found Plaintiff would not be able to consistently understand and remember more detailed instructions. AR 109. Dr. Regets also found moderate sustained concentration and persistence limitations, explaining that Plaintiff would have intermittent interruptions of concentration, persistence, and pace due to interference of psychological symptoms for up to two hours throughout a competitive workday. *Id.* He opined that occasional supervisor instruction or redirection would help keep Plaintiff on task, and Plaintiff was capable of concentrating throughout a competitive 40-hour work week. *Id.* Dr. Regets also found moderate limitations in Plaintiff's ability to interact appropriately with the general public and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 109–10.

1    In May 2021, Dr. Harrison found a moderate limitation in Plaintiff's ability to

2    concentrate, persist, or maintain pace, but no limitations in her ability to understand, remember,

3    or apply information; adapt or manage herself; or interact with others. AR 2780. Dr. Harrison

4    opined that Plaintiff was limited to simple, routine tasks, but was capable of frequent interaction

5    with supervisors, coworkers, and the public. AR 2781, 2784. Dr. Harrison found moderate

6    limitations in Plaintiff's ability to carry out detailed instructions, maintain attention and

7    concentration for extended periods, and complete a normal workday and work week without

8    interruptions from psychologically based symptoms and perform at a consistent pace without an

9    unreasonable number and length of rest periods. AR 2784.

10   The ALJ concluded both Dr. Regets' and Dr. Harrison's findings were not persuasive

11   because they were "neither supported by their summaries of the record noting normal mental

12   status exams nor consistent with the record." AR 2694. The ALJ described the purportedly

13   inconsistent evidence:

14       During mental status exams, the claimant's hygiene and grooming were adequate.
         She was calm with socially appropriate behavior. Her eye contact was socially
15       appropriate. Rapport was readily developed. She was generally cooperative and
         interactive. Her memory was grossly intact. Her attention and concentration were
16       adequate. Her judgment and insight were intact. There was no significant
         impulsivity impairment or major cognitive impairment.

17   *Id.* The ALJ also referenced Plaintiff's hearing testimony, noting that Plaintiff "testified that

18   [she] does the administrative side of running the house: she pays the bills, keeps the scheduling,

19   does paperwork, and supervises her husband for tasks that require more than 2 to 3 steps. She

20   testified that she has not seen a mental health provider in a year." *Id.*

21   First, when describing the inconsistent evidence, the ALJ provided only general citations

22   to two exhibits in the record that together covered over four and a half years of medical records

23   and totaled 1,880 pages. *See id.* (citing AR 770–1655, 3121–4116). These broad references to the

24

1    record are not specific enough to allow the Court to determine whether the ALJ's findings are

2    supported by substantial evidence. Further, the ALJ does not explain the relevance of the

3    allegedly inconsistent mental status exam findings to Dr. Regets' and Dr. Harrison's opinions,

4    nor is the relevance of most of these findings apparent. Without further explanation, the brief

5    note that Plaintiff's "attention and concentration were adequate" during medical appointments

6    does not provide substantial evidence to support the ALJ's rejection of Dr. Regets' and Dr.

7    Harrison's opined concentration, persistence, and pace limitations in the workplace. Similarly,

8    the ALJ failed to explain how Plaintiff's testimony that she performs some household

9    administrative tasks and has not seen a mental health provider in a year conflicted with the

10    consultants' opinions.

11         Because of the lack of reasoning or specific reference to the record, the Court cannot

12    determine whether the ALJ's persuasiveness findings are supported by substantial evidence. *See*

13    *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate

14    and logical bridge from the evidence to [his] conclusions so that we may afford the claimant

15    meaningful review of the SSA's ultimate findings."). Accordingly, the ALJ erred. The error was

16    not harmless because, had the ALJ properly considered these opinions, the RFC may have

17    included additional limitations.

18              *2.   Michael Kelly, M.D.*

19         In October 2017, Dr. Michael Kelly opined that Plaintiff's migraine headaches

20    permanently limited her ability to work because the noise, lights, and demands of a work

21    environment could worsen her migraines and she would be unable to concentrate due to pain. AR

22    739–42. The ALJ found Dr. Kelly's opinion not persuasive because it was "neither supported by

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 8

1  this provider's records, which did not focus on the claimant's migraines, nor consistent with the

2  complete record." AR 2695.

3       In support of this finding, the ALJ cited to an October 2017 visit with Dr. Kelly for an

4  annual physical at which Plaintiff "brought in FMLA paperwork that was filled out yesterday to

5  be placed on an expected return to work date." *Id.* (citing AR 425–29). The ALJ noted that

6  Plaintiff's physical exam at this visit was grossly normal, and she was released the same day

7  without limitations. *Id.* The ALJ does not explain the relevance of this citation to his rejection of

8  Dr. Kelly's opinion. Plaintiff bringing paperwork to a routine medical visit and exhibiting

9  normal physical findings when she was not experiencing a migraine are not inconsistent with Dr.

10 Kelly's opinion regarding her impairments when she is experiencing a migraine.

11      The ALJ also noted that Plaintiff's "attention and concentration were adequate and there

12 was no evidence of a major cognitive impairment" during other mental status exams, citing to the

13 same voluminous exhibits that he provided when considering Dr. Regets' and Dr. Harrison's

14 opinions. *Id.* Again, these broad references to the record are not specific enough to allow the

15 Court to determine whether the ALJ's findings are supported by substantial evidence.

16      The ALJ next cited a December 2020 visit at which Plaintiff discussed with her

17 psychiatrist "being thankful that she had a medication which was effective" for her migraines. *Id.*

18 Not only did the ALJ provide this citation without explanation of its relevance, he also took this

19 quote badly out of context. The surrounding note from Plaintiff's mental health provider reads:

20      Patient indicates that she ran out of her migraine medication and had a couple of
        bad episodes until she was able to get back on it. She now realizes that she will
21      probably need to take medication for the rest of her life. We discussed the
        perspective of looking at it as "having to take the medication or being thankful that
22      she had a medication which was effective. [sic] The glass half empty versus half-
        full ideas.

23

24

1   AR 4422. At the same visit, the provider noted Plaintiff was "dealing with severe migraine and

2   pain issues" and had been "experiencing [an] increase in number of migraines." AR 4423. This

3   does not evidence inconsistency with Dr. Kelly's opinion.

4          Finally, the ALJ cited to a September 2021 primary care provider note that listed a

5   "history of migraines currently managed with topiramate and sumatriptan" among Plaintiff's

6   ongoing medical problems. AR 2695 (citing AR 4315). Although the ALJ again does not explain

7   the relevance of this citation to his rejection of Dr. Kelly's opinion, he seems to assume that the

8   word "managed" in this note means "resolved." There is no indication from this specific note

9   that Plaintiff no longer experiences migraines. Rather, the inclusion of "migraines" on the list of

10  Plaintiff's ongoing problems and the note that Plaintiff was "to continue with sumatriptan for

11  abortive therapy" indicate that she was still experiencing migraines around that time. *See* AR

12  4315.

13         The explanations provided by the ALJ for finding Dr. Kelly's opinion not persuasive are

14  either not supported by substantial evidence or insufficiently specific to allow the Court to

15  determine whether they are supported by substantial evidence. Accordingly, the ALJ erred. The

16  error was not harmless because, had the ALJ properly considered these opinions, the RFC may

17  have included additional limitations or the ultimate disability determination may have changed.

18  Therefore, reversal of the ALJ's decision is required.

19                    *3.   Remaining Medical Opinion Evidence*

20         Plaintiff also challenges the ALJ's evaluation of medical opinion evidence from David

21  Coddington, Ph.D.; Kevin Lok, M.D.; and Shirley Deem, M.D. Dkt. 13 at 8–12. Because the

22  Court finds reversible error in the ALJ's evaluation of the other challenged medical opinion

23

24

1  evidence and all medical opinion evidence must be re-evaluated on remand, it is not necessary to

2  address the ALJ's evaluation of the remaining opinion evidence.

3        C.  Step Two and Step Three

4        Plaintiff contends the ALJ erred at Step Two and Step Three of the sequential evaluation

5  by failing to properly consider her skin lesions from hidradenitis suppurativa. *Id.* at 4. Because

6  Plaintiff may be able to present new evidence and testimony on remand and because the ALJ's

7  reconsideration of the evidence and testimony may impact the assessment of Plaintiff's

8  impairments, the ALJ shall also reconsider Plaintiff's skin lesions at Steps Two and Three.

9        D.  Subjective Symptom Testimony

10       Plaintiff also argues the ALJ did not provide sufficient reasons for discounting her

11  testimony about the severity of her symptoms. *Id.* at 12–15. The Court concludes the ALJ

12  committed harmful error in assessing the medical opinion evidence and must re-evaluate all the

13  medical evidence on remand. Because Plaintiff may be able to present new evidence and new

14  testimony on remand and because the ALJ's reconsideration of the medical evidence may impact

15  the assessment of Plaintiff's subjective testimony, the ALJ must also reconsider Plaintiff's

16  testimony on remand.

17       E.  Lay Witness Testimony

18       Finally, Plaintiff argues the ALJ erred in failing to properly consider six lay witness

19  statements in the record. *Id.* at 16–18. Under the revised regulations, ALJs are "not required to

20  articulate" how they evaluate evidence from nonmedical sources using the same factors

21  applicable to medical opinion evidence. 20 C.F.R. §§ 404.1520c(d), 416.920c(d)). The Ninth

22  Circuit has not yet clarified whether an ALJ is still required to provide "germane reasons" for

23  discounting lay witness testimony. *See Stephens v. Kijakazi*, No. 22-35998, 2023 WL 6937296,

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11

1  at *2 (9th Cir. Oct. 20, 2023). Other relevant regulations indicate that ALJs will consider

2  evidence from nonmedical sources when evaluating a claim of disability. *See, e.g.*, 20 C.F.R. §§

3  404.1529(c)(1), 404.1545(a)(3), 416.929(c)(1), 416.945(a)(3). And an ALJ may not reject

4  "significant probative evidence" without explanation. *Vincent ex rel. Vincent v. Heckler*, 739

5  F.2d 1393, 1395 (9th Cir. 1984).

6       The Court has directed the ALJ to reassess the medical opinion evidence on remand. As

7  Plaintiff may be able to present new evidence and testimony on remand, and because the ALJ's

8  reconsideration of the medical evidence may impact the assessment of the lay witness opinion,

9  the ALJ shall also reconsider the lay witness testimony on remand.

10  **IV.    Conclusion**

11       Based on the foregoing reasons, the Court hereby finds that the ALJ improperly

12  concluded Plaintiff was not disabled beginning June 27, 2017. Accordingly, Defendant's

13  decision to deny benefits is reversed and this matter is remanded for further administrative

14  proceedings in accordance with the findings contained herein.

15       Dated this 10th day of May, 2024.

16

17

18  David W. Christel
    United States Magistrate Judge

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 12